## Hassell et al. v. Hassell

*Brockway & Whitla,* for plaintiffs; *Brockway & Whitla,* for defendant.

McLAUGHREY, P. J., June 1, 1932.—This comes before the court on a bill in equity asking for the specific performance of a contract, and an answer thereto raising the question whether or not the plaintiffs and the defendant are the sole owners of a parcel of land.

Daniel Hassell died on March 28, 1880. He was survived by his widow and twelve children. He left a will containing the following:

"I give, devise and bequeath to my beloved wife Maria Hassell all my real, personal and mixed property as long as she lives, and at her death I direct that it shall be equally divided among my children."

The widow, Maria Hassell, died May 11, 1931, at the age of one hundred years. Prior to her death all of the children had died with the exception of Daniel Hassell, Edith Hassell Leipheimer, Edward Hassell and Katherine Hassell. On February 15, 1932, Daniel Hassell, Edith Hassell Leipheimer and Edward Hassell entered into an article of agreement with Katherine Hassell to sell a certain piece of real estate situate in Hickory Township, Mercer County, of which Daniel Hassell, father of the three plaintiffs and the defendant, died seized, and possessed by Maria Hassell until her death. On February 19, 1932, the first parties tendered to the second party their deed for the property described in the article of agreement, and the defendant refused to accept said deed and to pay the consideration named therein.

An answer was filed by Katherine Hassell, in which she alleges that she refused to accept the deed tendered to her for the reason that she has. been informed that the plaintiffs, the said Daniel Hassell, Edith Hassell Leipheimer and Edward Hassell, and the defendant, Katherine Hassell, are not the sole owners of said land, but that the heirs of the deceased children of Daniel Hassell are also vested with an interest in the same.

The only question in the case is whether under the above-quoted clause of the will of Daniel Hassell the residue of the estate is to go to those persons who

were the children of the testator at the time of his death, or to those who survived his widow, Maria Hassell. If it vested at the time of the death of Daniel Hassell, then all of his twelve children became the owners of the land, with the right of enjoyment postponed. If it did not vest until the death of his wife, Maria Hassell, then the four living children only would be the owners of the property.

The case involves the interpretation of a will, and it is the duty of the court to consider not what the testator possibly intended, but only what intention is expressed in the language used. The law favors vested rather than contingent remainders. The general rule is that where a will gives a life interest to one with a devise over to a definite class of persons, the presumption is that those take who constitute the class at the death of the testator, unless the will shows a different intention. So strong is the presumption that a reference in a will to the heirs of the testator applies to those who are his heirs at the time of his death, that a different meaning to be given effect must plainly appear from the will. But it is always the duty of the court to discover if possible the intention of the testator and to give it effect. In the clause of Daniel Hassell's will above quoted, it is clear in the first part of the clause that he intended his wife, Maria Hassell, to have the life use of all his property—real, personal and mixed—as long as she lived, and he makes no other provision of his property except as may be interpreted from the following words: "and at her death I direct that it shall be equally divided among my children."

We are of the opinion that the interest created by the residuary clause must be regarded as a contingent and not a vested one. It would seem the intention of the testator was to postpone not only possession but also acquisition of an absolute interest. At the time of his death he had twelve children. His first interest was that his wife should have the sole use of his property while she lived, and it was natural for him to entertain the belief that all of the children would live longer than their mother. It is true that this construction leaves a remainder without any limitation over, if no children survived the widow, and that the children of a child dying before the widow do not share in the distribution. But the testator nowhere manifests an intention to provide for his grandchildren, either before or after the death of his widow.

There are numerous cases in this state and elsewhere which we have examined, in which remainders have been held to be vested. It would serve no useful purpose to attempt to review them all, even if it were possible to do so. In some of them it is plain that a vested interest was intended; in others there are words importing a present gift; in others the will was ambiguous and the intention doubtful, and the cases were determined by the application of the rule that a gift will be regarded, where it properly can be, as a remainder, and as vested rather than contingent. While the law favors vested rather than contingent remainders, the rule favoring vested rather than contingent remainders always yields to the testator's intention. Had the testator made a devise to his children subject to a life estate of his wife, then there could be no question about those who would participate at his death. But he did not do this. We, however, are of the opinion that after giving first consideration to his wife, his only thought was that of his children. Death took some of them away before his widow was through with the property, and a larger proportion would naturally go to those who survived.

Another consideration is that after the decease of the widow the property "shall be equally *divided* among my children." The employment of such language has frequently been held by the courts to indicate the testator's intent that the title should not vest until the period of distribution should arrive.

Although this may not be an absolute and decisive rule of construction, it generally has been regarded as of importance and as a worthy consideration in arriving at the meaning of a testator.

It is our opinion that the parties entitled to take this gift in remainder are those who at the time of the death of Maria Hassell were her children, Daniel Hassell, Edith Hassell Leipheimer, Edward Hassell and Katherine Hassell, and the issue of any deceased child by right of representation had no vested interest.

### Decree

And now, June 1, 1932, it is decreed that the land in question is now vested in the plaintiffs, Daniel Hassell, Edith Hassell Leipheimer, Edward Hassell, and the defendant Katherine Hassell, and it is ordered that the said Katherine Hassell perform her part of the agreement entered into between the plaintiffs and the defendant on February 15, 1932.          From W. G. Barker, Mercer, Pa.